UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10713-RGS

NICHOLAS RITROVATO

v.

EASTERN BANK, et al.

ORDER

May 4, 2023

STEARNS, D.J.

*Pro se* litigant Nicholas A. Ritrovato ("Ritrovato") has filed a complaint, Dkt #1, against "Eastern Bank (Century Bank)" and "John Aloise under an assumed identity of Michael J. Ritrovato a.k.a. Gordon DiMarzo, *id.* at 2, alleging that they wrongfully intercepted checks intended for him and fraudulently used them for their own benefit. For the reasons stated below, the court DISMISSES this action for lack of subject matter jurisdiction.

This case is identical in all relevant ways to *Ritrovato v. Aloise*, C.A. No. 23-10302-RGS, which the court dismissed on April 24, 2023 for lack of

subject matter jurisdiction.[1] In that case, Ritrovato had invoked the court's federal question subject matter jurisdiction under 28 U.S.C. § 1331, and he had identified 18 U.S.C. § 1344 as the federal law which allowed the court to exercise jurisdiction over his claim. In its order dismissing the action, the court explained that, while 18 U.S.C. § 1344 allows a federal prosecutor to criminally prosecute someone for bank fraud, it does not provide a private right of action. The court also noted that Ritrovato had not invoked the court's diversity subject matter jurisdiction under § 1332, nor did it appear that he could meet the statute's requirement of diversity of citizenship between the parties.

Ritrovato's complaint in this action does not cure the jurisdictional defect for which the court dismissed *Ritrovato v. Aloise*, C.A. No. 23-10302-RGS. Here, Ritrovato again invokes the court's federal question jurisdiction and asserts that 18 U.S.C. § 1344 provides a basis for such jurisdiction. As in the previous lawsuit, Ritrovato is incorrect. For purposes of § 1331, a case arises under federal law when "federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S.

---

[1] In the civil cover sheet and category sheet Ritrovato filed with the complaint, Ritrovato should have indicated that the present action is related to *Ritrovato v. Aloise*, C.A. No. 23-10302-RGS.

374, 383 (2016).  The court has already explained that 18 U.S.C. § 1344 does not create a cause of action for a private party.

Ritrovato also invokes the Commerce Clause[2] as a basis for subject matter jurisdiction under § 1331 because "the use of the bank's systems" is "by the means and instrumentalities of interstate commerce."  Compl. at 3.  Banks undoubtedly use the "means and instrumentalities of interstate commerce" to conduct business, but the Commerce Clause does not provide a right of action wherever parties have used interstate commerce to engage in alleged misconduct.  *See, e.g.*, *In re Reisenberg*, 208 U.S. 90, 109 (1908) ("A case under the Constitution or laws of the United States does not arise against a railroad engaged in interstate commerce from that mere fact.  It only arises under the Constitution or laws or treaties of the United States when it substantially involves a controversy as to the effect or construction of the Constitution, or on the determination of which the result depends."); *Smulley v. Safeco In. Co. of Ill.,* No. 21-2124-cv (2d Cir. Nov. 8, 2022), *available at* 2022 WL 16753118 (summary order) (not selected for publication) ("Defendants' participation in interstate commerce is not

---

[2] The Commerce Clause refers to Article 1, Section 8, Clause 3 of the United States Constitution, which gives Congress power "to regulate commerce with foreign nations, and among the several states, and with the Indian Tribes."  U.S. Const. art. I, § 8, cl. 3.

enough to establish federal question jurisdiction."). Claims arising under the Commerce Clause include, *inter alia*, those considering whether state legislation interferes with Congress's power under the Commerce Clause, *see, e.g.*, *Hunt v. Washington State Apple Advertising Comm'r*, 432 U.S. 333 (1977) (holding that North Carolina's statute concerning labeling of apples for sale violated the Commerce Clause because it discriminated against the interstate sale of Washington apples), and those considering whether Congress exceeded its power under the Commerce Clause, *see Pierce County, Wash. v. Guillen*, 537 U.S. 129, 146-47 (holding that federal statute was not in excess of the authority granted to Congress under the Commerce Clause).

## ORDER

In accordance with the foregoing, this action is DISMISSED without prejudice for lack of subject matter jurisdiction. All pending motions shall be terminated as moot.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE